# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DAVID EARL PARMER,
CDCR #G-35622,

Plaintiff,

vs.

ISAIAH ALVAREZ;
PEDRO CUEVAS,

Defendants.

Civil No.    09-0412 DMS (NLS)

**ORDER:**

**1) DENYING PLAINTIFF'S MOTION FOR EMERGENCY TRANSFER [Doc. No. 24]**

**AND**

**2) PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO** *WYATT v. TERHUNE* **AND  SETTING REVISED BRIEFING SCHEDULE**

On September 29, 2009, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED.R.CIV.P. 12(b) and 12(b)(6)  [Doc. No. 18].  Defendants move to dismiss, in part, on grounds that Plaintiff failed to exhaust administrative remedies prior to suit pursuant to 42 U.S.C. § 1997e(a).  Plaintiff has yet to file any opposition; however on November 19, 2009, Plaintiff submitted an ex parte "Motion for Emergency Transfer" [Doc. No. 24], attached to which is a document entitled "Supplemental Report on Emergency Transfer" [Doc. No. 24-1].

# I.

## Plaintiff's Motion for Emergency Transfer

In his Motion, Plaintiff requests a transfer from California State Prison- Sacramento ("CSP-SAC") where he has been incarcerated since April 2009.  Plaintiff claims he is a "Level Three" prisoner who requires a wheelchair, but is in a "Level Four non-ADA approved prison" which is not a "physically or mentally safe place for him."  *See* Pl.'s Suppl. at 4.  Plaintiff claims to have made "safety inquiries" to the Warden at CSP-SAC, only to be "called out" and harassed as a result by two CSP-SAC Correctional Counselors.  *Id.*

When Plaintiff initiated this action, he was incarcerated at Richard J. Donovan Correctional Facility ("RJD").  *See* Pl.'s Compl. [Doc. No. 1].  In his Amended Complaint, which is the operative pleading, Plaintiff claims two RJD officials, Alvarez and Cuevas, used excessive force against him while he was incarcerated at RJD.  (Amend. Compl. at 2-3.)  Alvarez and Cuevas are the only named Defendants and the only parties who have been served.

Because Plaintiff is proceeding without counsel, the Court liberally construes his request for an emergency transfer as a Motion for injunctive relief pursuant to FED.R.CIV.P. 65.  *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

## A.      Standard of Review

The Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), limits the court's power to grant preliminary injunctive relief to inmates.  *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000).

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).  "Section 3626(a) ... operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators– no longer may courts grant or approve relief that binds prison administrators to

1   do more than the constitutional minimum." *Id.* at 999.  Even before the PLRA, however, courts

2   reserved injunctive relief only to clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378

3   (1976).

4          The purpose of preliminary injunctive relief is to preserve the status quo or to prevent

5   irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix*

6   *Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  When seeking injunctive relief, the moving

7   party must show either "(1) a likelihood of success on the merits and the possibility of

8   irreparable injury or (2) the existence of serious questions going to the merits and the balance

9   of hardships tipping in [the movant's] favor." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th

10  Cir. 2004) ( internal quotations omitted).  "These two alternatives represent extremes of a single

11  continuum, rather than two separate tests.  Thus, the greater the relative hardship to [the

12  movant], the less probability of success must be shown." *Walczak v. EPL Prolong, Inc.,* 198

13  F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted).  Under either test, the movant bears

14  the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir.

15  2003).

16          **B.      Application to Plaintiff's Case**

17          Here, Plaintiff seeks injunctive relief against individuals who are not named parties to this

18  lawsuit– the Warden and two correctional counselors at CSP-SAC.  However, the Court has no

19  personal jurisdiction over these individuals. *See, e.g., Jackson v. Hayakawa*, 682 F.2d 1344,

20  1347 (9th Cir.1982) (defendant must be served in accordance with FED.R.CIV.P. 4 or court has

21  no personal jurisdiction over that defendant).  "A federal court may issue an injunction if it has

22  personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not

23  attempt to determine the rights of persons not before the court." *Zepeda v. United States*

24  *Immigration Service,* 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

25          Neither Defendant Alvarez nor Defendant Cuevas–two correctional officers at RJD in San

26  Diego, are alleged to have the ability to effect Plaintiff's transfer or direct the actions of any staff

27  at CSP-SAC.  More importantly, this Court does not have jurisdiction over any staff at CSP-SAC

28  as they are not parties in this lawsuit.

1    Accordingly, even if Plaintiff could demonstrate a likelihood of success or irreparable

2    injury, this Court is powerless to order the injunctive relief he seeks.  *Id.*

3    In addition, Plaintiff raises issues in his Motion for Emergency Transfer which are not

4    raised in his Amended Complaint.  A preliminary injunction may be granted only when the

5    "intermediate relief [is] of the same character as that which may be granted finally." *De Beers*

6    *Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *see also Johnson v. Couturier*, 572 F.3d 1067,

7    1084 (9th Cir. 2009) (noting that injunction was inappropriate in *DeBeers* because the court

8    lacked jurisdiction); *see also Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (court

9    should not issue an injunction if injunction deals with a matter lying wholly outside the issues

10   in the underlying action); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (to

11   obtain injunctive relief, the party "must necessarily establish a relationship between the injury

12   claimed in the party's motion and the conduct asserted in the complaint.").

13   In his Motion, Plaintiff claims he has been "on hold" for a standard transfer since April

14   seeks a transfer from CSP-SAC because the facility cannot appropriately accommodate his

15   disability in the same way other institutions can.  *See* Pl.'s Mot. at 2.)  Plaintiff claims he is

16   "always having to find someone to carry [his] [wheel]chair down the stairs," and that this is both

17   "dangerous" and "inconvenient."  (*Id.*)  These allegations and the relief sought are completely

18   unrelated to Plaintiff's pending Eighth Amendment claims of excessive force arising at RJD

19   prior to his transfer to CSP-SAC.

20   Accordingly, because the Court lacks personal jurisdiction over the parties at CSP-SAC

21   Plaintiff seeks to enjoin and his request for injunctive relief in the form of a court-ordered

22   transfer to another institution lies wholly outside the issues raised in his Amended Complaint,

23   his Motion for  Emergency Transfer is DENIED.  *See DeBeers*, 325 U.S. at 220;  *Johnson*, 572

24   F.3d at 1084; *Kaimowitz*, 122 F.3d at 43.

25   / / /

26   / / /

27   / / /

28   / / /

## II.

### Defendants' Motion to Dismiss – *Wyatt* Notice

Further, the Court notes that in their Motion to Dismiss, Defendants claim that Plaintiff's Amended Complaint fails to state an excessive force claim upon which relief can be granted, that they are entitled to qualified immunity *and* that Plaintiff has failed to exhaust his administrative remedies before filing suit as is required by 42 U.S.C. § 1997e(a).  *See* Defs.' Mot. [Doc. No. 18] at 4-8.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)).  If the court looks beyond the pleadings when deciding a motion to dismiss for failure to exhaust, "a procedure closely analogous to summary judgment," the Court "must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14; *see also Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (remanding case to district court where court failed to "effectively give [plaintiff] fair notice that he should have submitted evidence regarding exhaustion of administrative remedies.")

As noted above, Plaintiff has not filed any Opposition to Defendants' Motion. Accordingly, Plaintiff is hereby provided with notice that Defendants have asked the Court to dismiss his case in part because he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  Plaintiff is further advised of his opportunity to develop a record and to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit.  *See Wyatt*, 315 F.3d at 1119-21; *Marella*, 568 F.3d at 1028.

## III.

### Conclusion and Order

Accordingly, **IT IS ORDERED** that:

1)      Plaintiff's Motion for Emergency Transfer [Doc. No. 24] is **DENIED.**

2)   **IT IS FURTHER ORDERED** that in order to provide Plaintiff with the notice required by *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) and to provide him with an opportunity to present evidence of exhaustion in response, the December 11, 2009 hearing date previously set for consideration of Defendants' Motion to Dismiss [Doc. No. 18] is **VACATED.**

3)   Plaintiff, if he chooses, may file an Opposition to Defendants' Motion to Dismiss [Doc. No. 18], including any documentary evidence of administrative exhaustion he may be able to provide in response to Defendants' Motion, and serve it upon Defendants' counsel of record no later than **Thursday, December 24, 2009.**

4)   If Plaintiff files an Opposition, Defendants may file their Reply and serve it upon Plaintiff no later than **Thursday, December 31, 2009.**

The Court will consider the matter fully briefed as submitted on the papers as of **Thursday, January 8, 2010**, and will thereafter issue a written Order ruling on Defendants' Motion without requiring any appearances or holding any oral argument.

DATED:  December 1, 2009

_____
HON. DANA M. SABRAW
United States District Judge