1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

DAVID EARL PARMER,
CDCR #G-35622,

                                            Plaintiff,

                    vs.

ISAIAH ALVAREZ;
PEDRO CUEVAS,

                                            Defendants.

Civil No.    09-0412 DMS (NLS)

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO
FED.R.CIV.P. 12(b) & 12(b)(6)**

**[Doc. No. 18]**

18
19
20

## I.

### PROCEDURAL HISTORY

21      On September 29, 2009, Defendants filed a Motion to Dismiss Plaintiff's Amended

22  Complaint pursuant to FED.R.CIV.P. 12(b) and 12(b)(6)  [Doc. No. 18].  Because Plaintiff had

23  failed to file an Opposition and Defendants move to dismiss Plaintiff's First Amended Complaint

24  ("FAC")  on   grounds  that  Plaintiff  failed  to  exhaust  administrative  remedies  prior  to  suit

25  pursuant to 42 U.S.C. § 1997e(a), the Court issued an Order providing Plaintiff with Notice of

26  Defendants' Motion pursuant to *Wyatt v. Terhune* and set a revised briefing schedule.  *See* Dec.

27  1, 2009 Order at 6.  Plaintiff was given leave to file an Opposition by Thursday, December 24,

28  2009.  *Id.*  However, to date, Plaintiff has failed to file an Opposition.

## II.

### FACTUAL ALLEGATIONS

Plaintiff was formerly housed at Richard J. Donovan Correctional Facility. While Plaintiff was housed in this facility, he went to the Prison's medical facility for an examination. (*See* FAC at 3.) Plaintiff alleges that when the examination was completed the nurse told him to return to his cell but Plaintiff informed the nurse that he was unable to move. (*Id.*) Plaintiff further alleges that Defendants Alvarez and Ceuvas-Pedro, without warning, threw him on the floor. (*Id.*) He then claims that Defendant Alvarez "jump[ed] on [Plaintiff's] back with his knee" and used excessive force that caused him injuries. (*Id.*)

## III.

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

Defendants move to dismiss Plaintiff's claims for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

### A.    Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)

Defendants claim "Plaintiff has failed to demonstrate that he exhausted his administrative remedies before filing suit, and on this basis alone, his First Amended Complaint must be dismissed." (Defs.' Mot. at 8.) Defendants, however, are applying the incorrect standard. The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).[1]

_____

[1] The Ninth Circuit also made clear that unlike a motion for summary judgment, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt*, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* (citing *Ritza*, 837 F.2d at 368 & n.3).

*Wyatt* also holds that non-exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and proving. *Wyatt*, 315 F.3d at 1119. This is a position with which the United States Supreme Court agrees and has held that "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 217 (2007).

In their Motion, Defendants make the argument that Plaintiff's entire action should be dismissed because he "failed to demonstrate that he exhausted his administrative remedies." (Defs. Mot. at 8.) However, it is the burden of the Defendants to prove nonexhaustion, and here the Court finds that Defendants failed to provide any documentation or affidavit that would indicate whether or not Plaintiff properly exhausted his administrative remedies.

Thus, the Court finds that Defendants have failed to adequately develop the record to show that Plaintiff did not properly exhaust his administrative remedies. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to FED.R.CIV.P. 12(b) is **DENIED** without prejudice.

## IV.

### DEFENDANTS' MOTION TO DISMISS PER FED.R.CIV.P. 12(b)(6)

**A.      Defendants' Arguments**

Defendants seek dismissal of Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) on the following grounds that: (1) Plaintiff has failed to state a claim against Defendants; and (2) Defendants are entitled to qualified immunity.

**B.      FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need

only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) .

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

### C.    Eighth Amendment Excessive Force Claims

Defendants seek dismissal of Plaintiff's Eighth Amendment excessive force claims on the grounds that he has failed to adequately plead all the elements required to state an Eighth Amendment excessive force claim. (Defs.' Mot. at 5-6.) When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive force, the relevant inquiry is

"whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An Eighth Amendment violation occurs only when an inmate is subjected to the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To determine whether Plaintiff has satisfied the malicious and sadistic standard, the Court examines the following five factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by Defendants; and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.

Here, Defendants argue, and the Court agrees, that Plaintiff has failed to allege any facts sufficient to show that he suffered any injury as a result of the alleged incident. "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Meredith v. Arizona*, 523 F.2d 481, 483 (9th Cir. 1975). Thus, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint on the grounds that he failed to state a claim upon which relief could be granted pursuant to FED.R.CIV.P. 12(b)(6). However, Plaintiff will be permitted leave to file a Second Amended Complaint in order to correct the deficiencies of pleading identified in this Court's Order.

### D.    Qualified Immunity

Defendants also move for dismissal of the entire action on qualified immunity grounds. "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to Plaintiff, demonstrate that the Defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

/ / /

Although *Saucier* originally required the Court to answer these questions in order, the U.S. Supreme Court has recently held that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan*,__U.S. __, 129 S.Ct. 808, 818  (2009).

If the Court finds that Plaintiff's allegations do not make out a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.  Similarly, if the Court determines that the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court may end further inquiries concerning qualified immunity without determining whether the allegations in fact make out a statutory or constitutional violation.  *Pearson*, 129 S.Ct. at 818.

In this case, the Court has found that Plaintiff has not sufficiently alleged a constitutional claim against Defendants and thus, need not decide whether Defendants are entitled to qualified immunity.  *Saucier*, 522 U.S. at 201.

## V.

### CONCLUSION AND ORDER

For all the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for failing to exhaust administrative remedies pursuant to FED.R.CIV.P. 12(b) [Doc. No. 18] is **DENIED**;

(2) Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for failing to state a claim upon which relief can be granted pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 18] is **GRANTED**; and

(3)  GRANTS Plaintiff forty-five (45) days leave to file and serve upon Defendants a Second Amended Complaint which addresses each deficiency of pleading identified in this Order.  Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint.  *See* S. D. CAL. CIVLR 15.1.  Any Defendant not named and any claim not re-alleged in the Amended Complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff does not file and serve an Amended Complaint upon Defendants within that time, this civil action shall remain closed without prejudice pursuant to

1   FED.R.CIV.P. 41(a) and without further Order of the Court.  *See McHenry v. Renne*, 84 F.3d

2   1172, 1177-79 (9th Cir. 1996).

3        **IT IS SO ORDERED.**

4

5   DATED:  January 7, 2010

6   _____

7   HON. DANA M. SABRAW
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28