UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL PARMER,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ALVAREZ, BADGE #75127; CUEVAS-PEDRO,<br><br>　　　　　　　Defendants. | Civil No.09cv0412-DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Docket. No. 28.]** |

On March 17, 2010, Plaintiff David Parmer, a state prisoner proceeding *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, filed a second Motion for Appointment of Counsel. [Docket No. 28.] In his first motion, Parmer stated he had a meritorious case but that he needed the assistance of a lawyer because he does not read well. [Docket No. 14.] That motion was denied on October 20, 2009. [Docket No. 20.] In his current motion, Parmer states the Court should appoint him a lawyer because he is indigent, "unlearned in the law," has only "a 1.4 grade education," and his case requires discovery to "obtain crucial evidence" that only an attorney can pursue. [Docket No. 28 at 1.]

Based on Parmer's citations of the law in his motion, he understands that "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

1

1  Cir. 1991). "To show exceptional circumstances the litigant must *demonstrate the likelihood of success*
2  *and complexity* of the legal issues involved." *Burns v. County of King*, 883 F.2d 819, 824 (9th Cir. 1989)
3  (emphasis added). Neither the likelihood of success nor the complexity of the case are dispositive; both
4  must be considered. *Terrell*, 935 F.2d at 1017.

5  Based on the current record the Court has no reason to believe that Parmer is incapable of having
6  a sufficient grasp of his case or the legal issues involved, or that he might not be able to adequately
7  articulate and communicate the basis of his claims. Moreover, Parmer has not outlined any facts
8  demonstrating the "exceptional circumstances" required for appointment of counsel pursuant to 28
9  U.S.C. § 1915(e)(1).

10  Accordingly, the Court **ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED**
11  without prejudice. Parmer is advised that the Court will not entertain any further motions for appoint-
12  ment of counsel unless *unforeseen and new factual developments* arise that merit further attention of the
13  Court to this matter.

14  **IT IS SO ORDERED**.

15  DATED: March 24, 2010.

Hon. Nita L. Stormes
U.S. Magistrate Judge

2