FILED

10 AUG 24 AM 11: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID EARL PARMER, | ) | Civil No.09cv0412-DMS (NLS) |
| Plaintiff, | ) ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **FOR ORDER GRANTING** |
| ALVAREZ, BADGE #75127; CUEVAS-PEDRO, | ) ) | **DEFENDANTS' MOTION TO DISMISS** |
| | ) | **[Doc. No. 33.]** |
| Defendants. | ) ) | |
| | ) | |

## I.     INTRODUCTION

Plaintiff, David Parmer, a state prisoner proceeding *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, has filed a Second Amended Complaint, claiming correctional officers violated his Eighth Amendment right to be free from cruel and unusual punishment when they used excessive force against him. [Doc. No. 30.] Defendants have filed a Motion to Dismiss the Second Amended Complaint. [Doc. No. 33.] Defendants contend: (1) Plaintiff's Second Amended Complaint was untimely filed; (2) Plaintiff does not allege facts sufficient to support a cognizable claim under Federal Rule of Civil Procedure 12(b)(6); (3) Defendants are entitled to qualified immunity; and (4) Plaintiff failed to exhaust administrative remedies. [Doc. No. 33 at 1-2.] Plaintiff has not filed an Opposition in response to the motion. Upon full consideration, and for the following reasons, the Court **RECOMMENDS** Defendants' motion be **GRANTED.**

## II.     PROCEDURAL BACKGROUND

On February 26, 2009 Plaintiff filed his original Complaint. [Doc. No. 1.] The Complaint was dismissed without prejudice for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§1915(e)(2) and 1915A(b). [Doc. No. 3.]  Plaintiff filed a First Amended Complaint on June 26, 2009. [Doc. No. 9.]  Defendants filed a Motion to Dismiss based on a failure to state a claim and on a failure to exhaust administrative remedies. [Doc. No. 18.]  The Court granted Defendants' motion based on a failure to state a claim and allowed Plaintiff an opportunity to file an amended complaint. [Doc. No. 27.] The Court stated Defendants had not provided sufficient documentation to carry their burden of proof that Plaintiff had failed to exhaust administrative remedies. [*Id.*]

On March 22, 2010 Plaintiff filed his Second Amended Complaint.  [Doc. No. 30.] On April 27, 2010 Defendants filed the Motion to Dismiss that is the subject of this Report and Recommendation. [Doc. No. 33.]

## III.    STANDARDS OF REVIEW

### A.     FED.R.CIV.P. 12(b)

Defendants claim Plaintiff failed to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before bringing this suit, therefore, they seek dismissal under the "non-enumerated" provisions of FED.R.CIV.P. 12(b).  The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b).  *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing non-exhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).[1]  *Wyatt* also holds that non-exhaustion of administrative remedies as set forth in 42 U.S.C. §

---

[1]. In so finding, the Ninth Circuit also made clear that unlike a motion for summary judgment, dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt*, 315 F.3d at 1119 (citation omitted).  Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* (citing *Ritza*, 837 F.2d at 368 & n.3).

1    1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and

2    proving. *Wyatt*, 315 F.3d at 1119.

3    **B.    Exhaustion of Administrative Remedies Under 42 U.S.C. § 1997e(a)**

4         The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o

5    action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in

6    any jail, prison or other correctional facility until such administrative remedies as are available are

7    exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases

8    covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

9         42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and

10   opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-

11   26, and to encompass inmate suits about both general circumstances and particular episodes of prison

12   life--including incidents of alleged excessive force. *Id.* at 532. Finally, "[t]he 'available' 'remed[y]'

13   must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief

14   offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001).

15        The State of California provides its prisoners and parolees the right to administratively appeal

16   "any departmental decision, action, condition or policy perceived by those individuals as adversely

17   affecting their welfare." CAL. CODE REGS., tit. 15 § 3084.1(a). In order to exhaust available administra-

18   tive remedies within this system, a prisoner must proceed through several levels: (1) informal resolu-

19   tion, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the

20   institution head or designee, and (4) third level appeal to the Director of the California Department of

21   Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15

22   § 3084.5). The third or "Director's Level" of review "shall be final and exhausts all administrative

23   remedies available in the Department [of Corrections.]" *See* Cal. Dep't of Corrections Operations

24   Manual, § 54100.11, "Levels of Review;" *Barry*, 985 F. Supp. at 1237-38; *Irvin v. Zamora*, 161 F. Supp.

25   2d 1125, 1129 (S.D. Cal. 2001).

26   **IV.    APPLICATION OF STANDARDS TO PLAINTIFF'S COMPLAINT**

27        As a threshold matter, the Court will address Defendants' claim that Plaintiff's Second Amended

28   Complaint should be treated as automatically dismissed due to untimeliness. Defendants correctly state

3

1  the amended Complaint was not filed within the 45 days allowed by the District Court in an Order dated

2  January 1, 2010 [doc. no. 27].  However, the delay was not 74 days based on the when the Complaint

3  was file stamped at the clerk's office, as Defendants state, but 66 days, based on the date Plaintiff

4  delivered the Complaint to prison officials to forward to the clerk's office, that is, March 14, 2010.  *See*

5  *Houston v. Lack*, 487 U.S. 266, 273-74 (1988) (date of delivery is filing date because "*pro se* prisoners

6  have no control over delays between the prison authorities' receipt of the notice and its filing....").  In

7  addition, "'[s]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se

8  prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*,

9  832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967).

10  Accordingly, the Court **RECOMMENDS** that the District Court not treat Plaintiff's Second Amended

11  Complaint as untimely, and **DENY** dismissal on this basis.

12  　　　　The Court next turns to the issue of whether Plaintiff exhausted his administrative remedies.  The

13  Court takes judicial notice of prison documents provided by Defendants and accompanied by an affidavit

14  from the Vacaville Litigation Coordinator, Billy Williams, stating them to be true and correct copies of

15  original papers in Plaintiff's prison administrative proceedings.  *See* FED. R. EVID. 201(b)(2).[2]  The

16  documents reflect, among other things, that Plaintiff filed a CDC 602 inmate appeal of a disciplinary

17  decision finding him guilty of Battery on a Peace Officer arising from the same incident to which

18  Plaintiff refers in his Complaint.  [Doc. No. 33-3 at 3.]  Plaintiff claimed the correctional officers

19  involved in the incident used unnecessary and excessive force on Plaintiff and that they lied when they

20  accused Plaintiff of beating one of the officers. [*Id.*]  Plaintiff further stated in the appeal that he was the

21  one who was injured when the officers jumped on his back. [*Id.*]  On September 23, 2009, the appeal

22  was denied at the Second Level of Review and Plaintiff was advised he could submit his claim for a

23  Director's Level of Review. [Doc. No. 33-3 at 4-5.] Defendant has also provided a copy of a handwritten

24  submission by Plaintiff possibly intended as his claim for Director's Level of Review for review by this

25

26  ────────────────

27  2. Federal Rule of Evidence 201(b)(2) states, "A judicially noticed fact must be one not subject to

    reasonable dispute in that it is ...capable of accurate and ready determination by resort to sources

28  whose accuracy cannot reasonably be questioned."

1   Court, but the exact date of its submission and the person to whom it is directed is unclear. [Doc. No.

2   33-3 at 6.]

3          The important thing to note here is that Plaintiff filed his CDC 602 appeal on March 12, 2009.

4   At that time he had already filed his Complaint in this action on February 26, 2009.  Because pursuit and

5   completion of the exhaustion process is a prerequisite for the filing of a lawsuit, Plaintiff's Complaint is

6   premature and must be dismissed.  *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002)

7   (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted

8   available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is

9   pending).

10         Plaintiff may, however, file a new action upon the completion of the administrative review

11  process.  As mentioned above, the Court observes that Defendant provided a copy of a handwritten

12  submission by Plaintiff but the exact date of its submission and the person to whom it is directed is

13  unclear. [Doc. No. 33-3 at 6.] Even if this submission in the administrative process was intended as his

14  Director Level of Review, he is advised through this order that the notice is insufficient to serve as

15  exhaustion of his administrative remedies. Thus, unless barred by the statute of limitations, Plaintiff is

16  on notice that he must file a new complaint if he wishes to pursue his claims.

17  **V.     CONCLUSION**

18         Based on the above discussion, the Court hereby **RECOMMENDS** that Defendants' motion to

19  dismiss based on failure to exhaust administrative remedies be **GRANTED**.  The Court also **RECOM-**

20  **MENDS** that Plaintiff's Second Amended Complaint be **DISMISSED without prejudice**.  *See Wyatt*,

21  315 F.3d at 1120 (stating the proper remedy for dismissal of an unexhausted claim is dismissal without

22  prejudice).[3]  The court **FURTHER RECOMMENDS** that dismissal be **without leave to amend**

23  because an amendment would be futile.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)

24

25  _____

26  3. In another case in this district, *Johnson v. Darr*, Case No. 08cv80 (S.D. Cal.), the district judge
adopted the Report and Recommendation that recommended dismissal of unexhausted claims
with prejudice because it would have been impossible for the plaintiff to exhaust the claims, and

27  the case law that recommended dismissal without prejudice was decided before *Woodford v.
Ngo*, which stated that exhaustion demands compliance with strict procedural rules.  In an

28  unpublished decision filed March 25, 2010, a Ninth Circuit panel vacated the judgment and
remanded it to the district court for the limited purpose of entering a dismissal without
prejudice.

(per curiam) (holding that "§ 1997e(a) requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation"); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (finding a plaintiff must exhaust claims before filing a claim in federal court and not while a suit is pending).

This report and recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1) to the United States District Judge assigned to this case.

**IT IS ORDERED** that no later than **September 13, 2010** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 23, 2010** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 19, 2010.

Victor E. Bianchini
United States Magistrate Judge